Mr. Michael J. Wasserman Arkansas Resorts Hotels, Inc. 391 CR 214 Gainesville, TX 76240
Dear Mr. Wasserman:
You have requested certification, pursuant to A.C.A. § 7-9-107, of the popular name and ballot title for a proposed amendment to the Arkansas Constitution. You have previously submitted ballot titles for similar measures. See Ark. Ops. Att'y Gen. Nos.2006-037 and 2006-009. Your proposed popular name and ballot title are as follows:
Popular Name
 AN AMENDMENT TO ESTABLISH A STATE LOTTERY; TO ALLOW ARKANSAS RESORTS HOTELS, INC. TO OWN AND OPERATE SEVEN CASINO GAMING ESTABLISHMENTS ONE EACH IN SEBASTIAN, PULASKI, GARLAND, MILLER, CRITTENDEN, BOONE AND JEFFERSON COUNTIES; AND TO ESTABLISH THE ARKANSAS EDUCATIONAL TRUST FUND AND THE ARKANSAS GAMING COMMISSION
 Ballot Title
AN AMENDMENT TO THE ARKANSAS CONSTITUTION TO:
 1) ESTABLISH A STATE-RUN LOTTERY, TO BE OPERATED BY THE ARKANSAS GAMING COMMISSION;
 2) AUTHORIZE SEVEN CASINO GAMING ESTABLISHMENTS, TO BE OWNED AND OPERATED BY "ARKANSAS RESORTS HOTELS, INC." (A PRIVATE FOR-PROFIT CORPORATION), ONE EACH TO BE LOCATED IN SEBASTIAN, PULASKI, GARLAND, MILLER, CRITTENDEN, BOONE AND JEFFERSON COUNTIES, THE OPERATIONS OF WHICH SHALL BE AUDITED BY THE ARKANSAS GAMING COMMISSION FOR THE SOLE PURPOSE OF INSURING THAT CASINO TAXES ARE PAID, BUT WHICH SHALL NOT OTHERWISE BE REGULATED BY THE GAMING COMMISSION;
 3) PROHIBITING THE GENERAL ASSEMBLY, THE ARKANSAS GAMING COMMISSION, AND ANY POLITICAL SUBDIVISION OF THE STATE FROM ENACTING ANY LEGISLATION, RULES OR REGULATIONS REGARDING CASINO GAMING;
 4) PROHIBITING CASINO GAMING IN AT ANY OTHER THAN THE LOCATIONS OPERATED BY ARKANSAS RESORTS HOTELS, INC;
 5) PROHIBITING PERSONS UNDER THE AGE OF 21 FROM PURCHASING LOTTERY TICKETS OR PARTICIPATING IN CASINO GAMING;
 6) REQUIRING AT LEAST 50% OF STATE LOTTERY REVENUE TO BE DISTRIBUTED AS PRIZES, AT LEAST 45% OF LOTTERY REVENUE TO BE PAID TO THE ARKANSAS EDUCATIONAL TRUST FUND AND NO MORE THAN 5% FOR THE EXPENSES OF THE LOTTERY;
 7) REQUIRING THAT THE GROSS GAMING REVENUE (AS DEFINED) OF A CASINO SHALL BE SUBJECT TO THE GROSS RECEIPTS TAX LEVIED BY THE TAXING JURISDICTIONS WHERE A CASINO IS LOCATED AT THE SAME RATE AS FOR BUSINESSES GENERALLY, AND THE PORTION OF THE TAX PAID TO THE STATE SHALL BE ALLOCATED AS FOLLOWS: 80% TO THE STATE'S GENERAL REVENUE FUND ACCOUNT OF THE STATE APPORTIONMENT FUND FOR THE PURPOSE OF ATTEMPTING TO REDUCING OR ELIMINATE THE GROSS RECEIPTS TAX ON PRESCRIPTION MEDICATIONS AND FOOD PURCHASED IN A RETAIL FOOD STORE, WITH ANY EXCESS RETURNED TO THE GENERAL REVENUE FUND ACCOUNT OF THE STATE APPORTIONMENT FUND, 15% TO THE ARKANSAS EDUCATIONAL TRUST FUND; 5% TO THE STATE'S GENERAL REVENUE FUND ACCOUNT OF THE STATE APPORTIONMENT FUND FOR THE OPERATIONAL COSTS OF THE ARKANSAS GAMING COMMISSION;
 8) PROHIBITING ANY OTHER STATE OR LOCAL TAXES, FEES OR ASSESSMENTS ON THE FURNITURE, FIXTURES, EQUIPMENT, PROPERTY, BUSINESS OPERATIONS, GROSS REVENUES, GROSS GAMING REVENUES, OR INCOME OF ARKANSAS RESORTS 
HOTELS, INC., DERIVED FROM OR USED IN CASINO GAMING WHICH ARE NOT LEVIED AGAINST BUSINESSES GENERALLY;
 9) ESTABLISHING THE ARKANSAS EDUCATIONAL TRUST FUND AS AN ACCOUNT OUTSIDE OF THE STATE TREASURY TO BE HELD IN THE NAME OF THE ARKANSAS DEPARTMENT OF EDUCATION TO BE ALLOCATED AND ADMINISTERED BY THE DEPARTMENT OF EDUCATION, TO PROVIDE GRANTS TO QUALIFIED HIGH SCHOOL GRADUATES FOR POST-SECONDARY EDUCATION; DEFINING POST-SECONDARY EDUCATION AS THE PURSUIT OF AN UNDERGRADUATE DEGREE AT A PUBLIC OR PRIVATE UNIVERSITY, COLLEGE, COMMUNITY COLLEGE OR A DEGREE FROM A VOCATIONAL-TECHNICAL SCHOOL; REQUIRING NOT LESS THAN 24% OF THE EDUCATIONAL TRUST FUND TO BE USED TO EXPAND BOTH PUBLIC AND PRIVATE PRE-KINDERGARTEN EDUCATIONAL PROGRAMS AND TUTORIAL PROGRAMS FOR PRIMARY AND SECONDARY STUDENTS WHETHER THEY BE PUBLIC OR PRIVATE; GIVING THE ARKANSAS DEPARTMENT OF EDUCATION SOLE AUTHORITY OVER THE TRUST FUND AND THE RIGHT TO SET RULES AND REGULATIONS PERTAINING TO ITS DISTRIBUTION;
 10) CREATING THE ARKANSAS GAMING COMMISSION, WHOSE MEMBERS SHALL BE APPOINTED BY THE GOVERNOR WITH THE ADVICE AND CONSENT OF THE SENATE, WHO SHALL: 1) ESTABLISH AND OPERATE THE STATE LOTTERY; AND 2) AUDIT THE OPERATIONS OF THE CASINOS FOR THE SOLE PURPOSE OF INSURING THAT ALL CASINO TAXES ARE PAID; PROVIDING FOR JUDICIAL REVIEW OF THE COMMISSION'S DECISIONS OR ACTIONS; PROVIDING THAT THE GENERAL ASSEMBLY SHALL APPROPRIATE SUCH FUNDS AND PASS SUCH LAWS AS IT DEEMS NECESSARY FOR THE OPERATION OF THE COMMISSION;
 11) ALLOWING A CASINO TO OPERATE ANY DAY FOR ANY PORTION OF THE DAY;
 12) ALLOWING THE SELLING OR FREE FURNISHING OF ALCOHOLIC BEVERAGES IN CASINOS DURING ALL HOURS THEY OPERATE BUT OTHERWISE REQUIRING ADHERENCE TO ALL ALCOHOLIC BEVERAGE CONTROL BOARD REGULATIONS;
 13) PERMITTING THE SHIPMENT OF GAMBLING DEVICES INTO AUTHORIZED COUNTIES FOR PURPOSES OF FEDERAL LAW;
 14) RENDERING THE PROVISIONS OF THE AMENDMENT SEVERABLE;
 15) DECLARING INAPPLICABLE ALL CONSTITUTIONAL PROVISIONS AND LAWS TO THE EXTENT THEY CONFLICT WITH THE AMENDMENT.
The Attorney General is required, pursuant to A.C.A. § 7-9-107, to certify the popular name and ballot title of all proposed initiative and referendum acts or amendments before the petitions are circulated for signature. The law provides that the Attorney General may substitute and certify a more suitable and correct popular name and ballot title, if he can do so, or if the proposed popular name and ballot title are sufficiently misleading, may reject the entire petition. Neither certification nor rejection of a popular name and ballot title reflects our view of the merits of the proposal because this Office has been given no authority to consider the merits of any measure.
In this regard, A.C.A. § 7-9-107 neither requires nor authorizes this office to make legal determinations concerning the merits of the act or amendment, or concerning the likelihood that it will accomplish its stated objective. Consequently, this review has been limited to a determination, pursuant to the guidelines that have been set forth by the Arkansas Supreme Court, discussed below, of whether the proposed popular name and ballot title accurately and impartially summarize the provisions of your proposed amendment or act.
The purpose of my review and certification is to ensure that the popular name and ballot title honestly, intelligibly, and fairly set forth the purpose of the proposed amendment or act. SeeArkansas Women's Political Caucus v. Riviere, 283 Ark. 463, 466,677 S.W.2d 846 (1984).
The popular name is primarily a useful legislative device.Pafford v. Hall, 217 Ark. 734, 233 S.W.2d 72 (1950). It need not contain detailed information or include exceptions that might be required of a ballot title, but it must not be misleading or give partisan coloring to the merit of the proposal. Chaney v.Bryant, 259 Ark. 294, 532 S.W.2d 741 (1976); Moore v. Hall,229 Ark. 411, 316 S.W.2d 207 (1958). The popular name is to be considered together with the ballot title in determining the ballot title's sufficiency. Id.
The ballot title must include an impartial summary of the proposed amendment or act that will give the voter a fair understanding of the issues presented. Hoban v. Hall,229 Ark. 416, 417, 316 S.W.2d 185 (1958); Becker v. Riviere,270 Ark. 219, 223, 226, 604 S.W.2d 555 (1980). According to the court, if information omitted from the ballot title is an "essential fact which would give the voter serious ground for reflection, it must be disclosed." Bailey v. McCuen, 318 Ark. 277, 285,884 S.W.2d 938 (1994), citing Finn v. McCuen, 303 Ark. 418, 798 S.W.2d 34
(1990); Gaines v. McCuen, 296 Ark. 513, 758 S.W.2d 403 (1988);Hoban v. Hall, supra; and Walton v. McDonald, 192 Ark. 1155,97 S.W.2d 81 (1936). At the same time, however, a ballot title must be brief and concise (see A.C.A. § 7-9-107(b)); otherwise voters could run afoul of A.C.A. § 7-5-522's five minute limit in voting booths when other voters are waiting in line. Bailey v.McCuen, supra. The ballot title is not required to be perfect, nor is it reasonable to expect the title to cover or anticipate every possible legal argument the proposed measure might evoke.Plugge v. McCuen, 310 Ark. 654, 841 S.W.2d 139 (1992). The title, however, must be free from any misleading tendency, whether by amplification, omission, or fallacy; it must not be tinged with partisan coloring. Id. A ballot title must convey an intelligible idea of the scope and significance of a proposed change in the law. Christian Civic Action Committee v. McCuen,318 Ark. 241, 884 S.W.2d 605 (1994). It has been stated that the ballot title must be: 1) intelligible, 2) honest, and 3) impartial. Becker v. McCuen, 303 Ark. 482, 798 S.W.2d 71
(1990), citing Leigh v. Hall, 232 Ark. 558, 339 S.W.2d 104
(1960).
Applying the above precepts, it is my conclusion that your proposed popular name is acceptable and is therefore approved as submitted. In my judgment, however, minor changes in your ballot title are necessary to fully inform the voters of the effect of your measure. In this regard, I have corrected three typographical errors (removed the word "in" in Item 4, changed "reducing" to "reduce" in Item 7, and corrected the spelling of "education" in Item 9); have eliminated some unnecessary spacing in an effort to condense the title for the ballot; have altered the language regarding the non-participation of minors in Item 5; have altered the language regarding tutorial programs in Item 9; and have added some expanded language concerning the Arkansas Gaming Commission near the end of the title. The following ballot title is hereby substituted and certified:
Ballot Title
 AN AMENDMENT TO THE ARKANSAS CONSTITUTION TO: 1) ESTABLISH A STATE-RUN LOTTERY, TO BE OPERATED BY THE ARKANSAS GAMING COMMISSION; 2) AUTHORIZE SEVEN CASINO GAMING ESTABLISHMENTS, TO BE OWNED AND OPERATED BY "ARKANSAS RESORTS HOTELS, INC." (A PRIVATE FOR-PROFIT CORPORATION), ONE EACH TO BE LOCATED IN SEBASTIAN, PULASKI, GARLAND, MILLER, CRITTENDEN, BOONE AND JEFFERSON COUNTIES, THE OPERATIONS OF WHICH SHALL BE AUDITED BY THE ARKANSAS GAMING COMMISSION FOR THE SOLE PURPOSE OF INSURING THAT CASINO TAXES ARE PAID, BUT WHICH SHALL NOT OTHERWISE BE REGULATED BY THE GAMING COMMISSION; 3) PROHIBITING THE GENERAL ASSEMBLY, THE ARKANSAS GAMING COMMISSION, AND ANY POLITICAL SUBDIVISION OF THE STATE FROM ENACTING ANY LEGISLATION, RULES OR REGULATIONS REGARDING CASINO GAMING; 4) PROHIBITING CASINO GAMING AT ANY OTHER THAN THE LOCATIONS OPERATED BY ARKANSAS RESORTS 
HOTELS, INC; 5) PROHIBITING PERSONS UNDER THE AGE OF 21 FROM PARTICIPATING IN THE STATE RUN LOTTERY OR CASINO GAMING; 6) REQUIRING AT LEAST 50% OF STATE LOTTERY REVENUE TO BE DISTRIBUTED AS PRIZES, AT LEAST 45% OF LOTTERY REVENUE TO BE PAID TO THE ARKANSAS EDUCATIONAL TRUST FUND AND NO MORE THAN 5% FOR THE EXPENSES OF THE LOTTERY; 7) REQUIRING THAT THE GROSS GAMING REVENUE (AS DEFINED) OF A CASINO SHALL BE SUBJECT TO THE GROSS RECEIPTS TAX LEVIED BY THE TAXING JURISDICTIONS WHERE A CASINO IS LOCATED AT THE SAME RATE AS FOR BUSINESSES GENERALLY, AND THE PORTION OF THE TAX PAID TO THE STATE SHALL BE ALLOCATED AS FOLLOWS: 80% TO THE STATE'S GENERAL REVENUE FUND ACCOUNT OF THE STATE APPORTIONMENT FUND FOR THE PURPOSE OF ATTEMPTING TO REDUCE OR ELIMINATE THE GROSS RECEIPTS TAX ON PRESCRIPTION MEDICATIONS AND FOOD PURCHASED IN A RETAIL FOOD STORE, WITH ANY EXCESS RETURNED TO THE GENERAL REVENUE FUND ACCOUNT OF THE STATE APPORTIONMENT FUND, 15% TO THE ARKANSAS EDUCATIONAL TRUST FUND; 5% TO THE STATE'S GENERAL REVENUE FUND ACCOUNT OF THE STATE APPORTIONMENT FUND FOR THE OPERATIONAL COSTS OF THE ARKANSAS GAMING COMMISSION; 8) PROHIBITING ANY OTHER STATE OR LOCAL TAXES, FEES OR ASSESSMENTS ON THE FURNITURE, FIXTURES, EQUIPMENT, PROPERTY, BUSINESS OPERATIONS, GROSS REVENUES, GROSS GAMING REVENUES, OR INCOME OF ARKANSAS RESORTS HOTELS, INC., DERIVED FROM OR USED IN CASINO GAMING WHICH ARE NOT LEVIED AGAINST BUSINESSES GENERALLY; 9) ESTABLISHING THE ARKANSAS EDUCATIONAL TRUST FUND AS AN ACCOUNT OUTSIDE OF THE STATE TREASURY TO BE HELD IN THE NAME OF THE ARKANSAS DEPARTMENT OF EDUCATION TO BE ALLOCATED AND ADMINISTERED BY THE DEPARTMENT OF EDUCATION, TO PROVIDE GRANTS TO QUALIFIED HIGH SCHOOL GRADUATES FOR POST-SECONDARY EDUCATION; DEFINING POST-SECONDARY EDUCATION AS THE PURSUIT OF AN UNDERGRADUATE DEGREE AT A PUBLIC OR PRIVATE UNIVERSITY, COLLEGE, COMMUNITY COLLEGE OR A DEGREE FROM A VOCATIONAL-TECHNICAL SCHOOL; REQUIRING NOT LESS THAN 24% OF THE EDUCATIONAL TRUST FUND TO BE USED TO EXPAND BOTH PUBLIC AND PRIVATE PRE-KINDERGARTEN EDUCATIONAL PROGRAMS AND TUTORIAL PROGRAMS FOR PRIMARY AND SECONDARY STUDENTS WHETHER THEY BE IN PUBLIC OR PRIVATE SCHOOLS; GIVING THE ARKANSAS DEPARTMENT OF EDUCATION SOLE AUTHORITY OVER THE TRUST FUND AND THE RIGHT TO SET RULES AND REGULATIONS PERTAINING TO ITS DISTRIBUTION; 10) CREATING THE FIVE-MEMBER ARKANSAS GAMING COMMISSION, WHOSE MEMBERS SHALL BE APPOINTED BY THE GOVERNOR WITH THE ADVICE AND CONSENT OF THE SENATE, WITH QUALIFICATIONS AND TERMS (NOT TO EXCEED FOUR YEARS), SET BY THE GENERAL ASSEMBLY, AND WHO SHALL: 1) ESTABLISH AND OPERATE THE STATE LOTTERY; AND 2) AUDIT THE OPERATIONS OF THE CASINOS FOR THE SOLE PURPOSE OF INSURING THAT ALL CASINO TAXES ARE PAID; PROVIDING FOR JUDICIAL REVIEW OF THE COMMISSION'S DECISIONS OR ACTIONS; PROVIDING THAT THE GENERAL ASSEMBLY SHALL APPROPRIATE SUCH FUNDS AND PASS SUCH LAWS AS IT DEEMS NECESSARY FOR THE OPERATION OF THE COMMISSION; 11) ALLOWING A CASINO TO OPERATE ANY DAY FOR ANY PORTION OF THE DAY; 12) ALLOWING THE SELLING OR FREE FURNISHING OF ALCOHOLIC BEVERAGES IN CASINOS DURING ALL HOURS THEY OPERATE BUT OTHERWISE REQUIRING ADHERENCE TO ALL ALCOHOLIC BEVERAGE CONTROL BOARD REGULATIONS; 13) PERMITTING THE SHIPMENT OF GAMBLING DEVICES INTO AUTHORIZED COUNTIES FOR PURPOSES OF FEDERAL LAW; 14) RENDERING THE PROVISIONS OF THE AMENDMENT SEVERABLE; 15) DECLARING INAPPLICABLE ALL CONSTITUTIONAL PROVISIONS AND LAWS TO THE EXTENT THEY CONFLICT WITH THE AMENDMENT.
Pursuant to A.C.A. § 7-9-108, instructions to canvassers and signers must precede every petition, informing them of the privileges granted by the Constitution and of the penalties imposed for violations of this act. Enclosed herewith, over the signature of the Attorney General, are instructions that should be incorporated in your petition prior to circulation.
Sincerely,
MIKE BEEBE Attorney General
MB/cyh
Enclosure